1

2

3

4

5

6

7

8                   **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    FREDERICK LEE,                          No. 2:17-CV-2613-JAM-DMC-P

12                   Petitioner,

13          v.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14    N.E. SPEARMAN,

15                   Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's petition for

19    a writ of habeas corpus (ECF No. 1), respondent's answer (ECF No. 12), and petitioner's traverse

20    (ECF No. 15).

21    ///

22    ///

23    ///

24    ///

25    ////

26    ///

27    ///

28    ///

                                                    1

# I. BACKGROUND

A.      <u>Facts</u>[1]

The state court recited the following facts, and petitioner has not offered any clear and convincing evidence to rebut the presumption that these facts are correct:

> Petitioner, an inmate at High Desert State Prison, challenges disciplinary proceedings had while he was incarcerated at an out-of-state California Department of Corrections and Rehabilitation [CDCR] facility. In those proceedings he was found guilty of possession of an inmate-manufactured weapon. The weapon was discovered inside a Brother typewriter belonging to petitioner, together with other items of contraband. The record of proceedings is not clear as to the sequence in which the weapon and other items of contraband were discovered and the petition attempts to raise doubts as to the timeline thereof as separate cell search receipts were generated as the examination of petitioner's typewriter proceeded. . . .

ECF No. 1, pg. 11; ECF No. 12-2, pg. 2.

B.      <u>Procedural History</u>

Lee filed a petition for a writ of habeas corpus in the California Superior Court of Lassen County. The Superior Court denied Lee's petition, finding no merit in petitioner's argument that his due process rights were violated. <u>See</u> ECF No. 1, pg. 11. Lee then filed a petition for a writ of habeas corpus in the California Court of Appeal and the California Supreme Court raising the same claims as in his petition before the Superior Court, both of which were summarily denied. <u>Id.</u> at 12-13.

///

///

///

///

///

---

[1]      Pursuant to 28 U.S.C. § 2254(e)(1), ". . . a determination of a factual issue made by a State court shall be presumed to be correct." Findings of fact in the last reasoned state court decision are entitled to a presumption of correctness, rebuttable only by clear and convincing evidence. <u>See</u> <u>Runningeagle v. Ryan</u>, 686 F.3d 759 n.1 (9th Cir. 2012). Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. <u>See id.</u> These facts are, therefore, drawn from the state court's opinion(s), lodged in this court. Petitioner may also be referred to as "defendant."

# II. STANDARDS OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). The AEDPA does not, however, apply in all circumstances. When it is clear that a state court has not reached the merits of a petitioner's claim, because it was not raised in state court or because the court denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo. See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "re-litigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (reviewing petition de novo where state court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner). When the state court does not reach the merits of a claim, "concerns about comity and federalism . . . do not exist." Pirtle, 313 F. 3d at 1167.

Where AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1), federal habeas relief is available only where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. Under both standards, "clearly established law" means those holdings of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. 70, 74 (2006)

(citing <u>Williams,</u> 529 U.S. at 412). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." <u>Plumlee v. Masto,</u> 512 F.3d 1204 (9th Cir. 2008) (en banc). Supreme Court precedent is not clearly established law, and therefore federal habeas relief is unavailable, unless it "squarely addresses" an issue. <u>See Moses v. Payne,</u> 555 F.3d 742, 753-54 (9th Cir. 2009) (citing <u>Wright v. Van Patten,</u> 552 U.S. 120, 28 S. Ct. 743, 746 (2008)). For federal law to be clearly established, the Supreme Court must provide a "categorical answer" to the question before the state court. <u>See id.; see also</u> <u>Carey,</u> 549 U.S. at 76-77 (holding that a state court's decision that a defendant was not prejudiced by spectators' conduct at trial was not contrary to, or an unreasonable application of, the Supreme Court's test for determining prejudice created by state conduct at trial because the Court had never applied the test to spectators' conduct). Circuit court precedent may not be used to fill open questions in the Supreme Court's holdings. <u>See</u> <u>Carey,</u> 549 U.S. at 74.

In <u>Williams v. Taylor,</u> 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. <u>See id.</u> at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases. <u>See id.</u> In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. <u>See id.</u> at 406. If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error. <u>See Benn v. Lambert,</u> 283 F.3d 1040, 1052 n.6 (9th Cir. 2002). If so, the next question is whether such error was structural, in which case federal habeas relief is warranted. <u>See id.</u> If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless. <u>See id.</u>

///

4

State court decisions are reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case. See Wiggins v. Smith, 539 U.S. 510, 520 (2003). While declining to rule on the issue, the Supreme Court in Williams, suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. See Williams, 529 U.S. at 408-09. The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law. See id. at 410; see also Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). An "unreasonable application of" controlling law cannot necessarily be found even where the federal habeas court concludes that the state court decision is clearly erroneous. See Lockyer, 538 U.S. at 75-76. This is because "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Id. at 75. As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless. See Benn, 283 F.3d at 1052 n.6.

The "unreasonable application of" standard also applies where the state court denies a claim without providing any reasoning whatsoever. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 233 F.3d 976, 982 (9th Cir. 2000). Such decisions are considered adjudications on the merits and are, therefore, entitled to deference under the AEDPA. See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 233 F.3d at 982. The federal habeas court assumes that state court applied the correct law and analyzes whether the state court's summary denial was based on an objectively unreasonable application of that law. See Himes, 336 F.3d at 853; Delgado, 233 F.3d at 982.

///

///

///

# III.  DISCUSSION

In his petition, petitioner claims that his due process rights were violated because the prison's disciplinary decision relied on fabricated reports and disregarded prison procedure. See ECF No. 1, pgs. 4-8. At the outset, the court observes that the gravamen of petitioner's claim is his contention that the evidence upon which the disciplinary finding was based was fabricated. To the extent petitioner is asserting that the state court is in error in its determination of facts to the contrary, petitioner has not satisfied his burden of rebutting the state court's factual finding with clear and convincing evidence.

As to the merits of petitioner's claim, with respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).  Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56.  A violation of prison regulations does not give rise to a due process claim as long as these minimum protections have been provided.  See Walker, 14 F.3d at 1419-20. Also, it must be stressed that the Supreme Court has held that the petitioner has the burden of showing that the state court decision is objectively unreasonable. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011); Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 784, 786-87 (2011).

///

///

///

1    Petitioner makes no claim that he was denied the required procedural protections.

2    Thus, the only issue remaining is whether the state court's determination is unreasonable in

3    finding that the disciplinary finding was based on some evidence.  As to this issue, respondent

4    argues:

5              . . .Under clearly established federal law a disciplinary decision
           complies with due process when the decision is supported by some evidence.
6          *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). That is the case here. After
           considering all the evidence, the senior hearing officer found Lee guilty [of]
7          possessing a weapon based on the evidence that there was a sharpened piece
           of metal with a handle concealed in his property. . . . In upholding the
8          disciplinary decision, the superior court found that there is some evidence
           supporting the disciplinary decision. (Ex. 2).  Given the AEDPA's provisions
9          and the Supreme Court's guidance concerning its deference principles, Lee's
           claim does not warrant relief by this Court. Lee has not shown that the state
10         court's decision was contrary to the "clearly established" federal law on this
           issue. Nor has Lee shown how the state courts' adjudications were an
11         "objectively unreasonable" application of the facts.

12         ECF No. 12, pg. 6.

13         The court finds that the state court's determination was not based on an

14   unreasonable application of clearly established federal law.  Upon considering the evidence

15   presented at petitioner's disciplinary hearing, the senior hearing officer found petitioner guilty of

16   possessing an "inmate manufactured weapon." ECF No. 1, pgs. 56-57.  The hearing officer's

17   determination relied on interviews relating to petitioner's cell search, officer reports, and

18   photographs of the alleged contraband found in petitioner's possession. Id. at 52-60. From this, it

19   is clear that the disciplinary decision was supported by some evidence, as the state court held.

20         Petitioner contends that the prison's disciplinary decision relied on fabricated

21   reports, disregarded prison procedure, and that the facts lead to a conclusion that runs counter to

22   the state courts' determination. See ECF No. 15 (petitioner's traverse), pgs. 1-8. Although

23   petitioner may disagree with the reliability and weight of the evidence, federal habeas review

24   requires that state court findings of fact be presumed correct unless rebutted by clear and

25   convincing evidence. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The burden rests on

26   petitioner.

27   ///

28   ///

7

Petitioner's argument relies merely on factual doubts stemming from a failure to adhere to CDCR procedure:

> . . .[T]he mere fact that there were (2) separate cell search receipts, shows the intention to perform an action of misconduct.
>
> The fact tha[t] the evidence photo's [sic] were taken outside of Petitioner's cell shows and proves that officials violated CDCR's regulations and policies for documenting evidence

ECF No. 15, pg. 3.

As already mentioned, a violation of prison regulations does not give rise to a due process claim as long as the minimum hearing protections have been provided. See Walker, 14 F.3d at 1419-20. The state court, in denying petitioner's state habeas petition, noted that ". . .petitioner attempts to raise doubts as to the timeline . . . as separate cell search receipts were generated as the examination of petitioner's typewriter proceeded." ECF No. 1, pg. 11. The state court acknowledged petitioner's arguments, considered the evidence at issue, and ultimately determined that petitioner was not entitled to habeas relief because "some evidence" supported the disciplinary finding. Given petitioner's failure to rebut the state court's determination that there was in fact some evidence to support the disciplinary decision, this court must accept that factual finding.

///
///
///
///
///
///
///
///
///
///
///

# IV. CONCLUSION

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (ECF No. 1) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE